IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 2 4 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| STATE OF TEXAS,<br>    Plaintiff,<br><br>vs.<br><br>DLG DIVERSIFIED LLC d/b/a<br>GREEN HOME IMPROVEMENTS<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    Civil Action No. 5:14-CV-01129 |

### DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF

On December 29, 2014, Plaintiff, State of Texas, filed its complaint against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6103(a), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 *et seq.* (West 2009 & Supp. 2013) ("Texas No Call Act"), and the Texas Deceptive Trade Practices - Consumer Protection Act, Tex. Bus. & Com. Code § 17.41 *et seq.* (West 2011 & Supp. 2013) ("DTPA").

Defendant was properly served with a copy of the complaint and summons. Pursuant to FED. R. CIV. P. 55(a), the Court entered default against Defendant on June 23, 2015.

Plaintiff State of Texas has moved for entry of a default judgment on all counts of the Complaint against Defendant pursuant to FED R. CIV. P. 55(b)(2). The Plaintiff State of Texas'

Motion for Entry of Default Judgment is hereby granted, and **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

## I. FINDINGS

THE COURT NOW FINDS that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it has jurisdiction over all parties hereto.

2. Venue and service of process are proper.

3. This action was initiated by Plaintiff State of Texas under the TCPA, the Telemarketing Act, the Texas No Call Act, and the DTPA. Plaintiff State of Texas seeks permanent injunctive relief and monetary relief as a result of Defendant's illegal telemarketing practices. The Plaintiff State of Texas has the authority pursuant to each of the foregoing statutes to seek the relief it has requested.

4. Defendant was served with the Complaint and Summons as required by Fed. R. Civ. P. 4(h).

5. Defendant was served with process on February 5, 2015, by serving its sole principal and registered agent, Christopher De La Garza, at his home, 9621 Rochelle Road, San Antonio, Texas.

6. Defendant has failed to file an answer to the Complaint within the time set forth in Fed. R. Civ. P. 12(a), or to otherwise defend this action.

9. Default was entered against Defendant on June 23, 2015. The Plaintiff State of Texas is therefore entitled to a default judgment pursuant to FED R. CIV. P. 55(b).

10. Defendant DLG Diversified LLC d/b/a Green Home Improvements is a limited

liability company formed under the laws of the State of Texas.

11. Defendant has engaged in a campaign of abusive telemarketing calls to consumers in Texas, including consumers in the Western District of Texas.

12. Defendant utilizes an automated telephone dialing system to place its telemarketing calls.

13. Defendant made telemarketing calls utilizing an automated telephone dialing system to cell phones of Texas consumers without the consent of such consumers.

14. Defendant made telemarketing calls to Texas consumers who were properly registered on the federal do not call registry.

15. Defendant made telemarketing calls to Texas consumers who were properly registered on the Texas do not call registry.

16. Defendant represented to consumers that the consumer was not on the do not call list even when the consumer was on the list;

17. Defendant misrepresented to Texas consumers that the do not call laws do not apply to Defendant.

18. Defendant misrepresented to Texas consumers that Defendant would take the consumers off of its calling list, but continued to call such consumers.

19. Defendant made 253,854 telemarketing calls to persons in Texas in September of 2013.

20. Of the 253,854 calls Defendant made to persons in Texas in September of 2013, 148,651 of them were placed to telephone numbers that were properly placed on the federal do not call list.

21. Of the 253,854 calls Defendant made to persons in Texas in September of 2013, 3,686 of them were placed to telephone numbers that were properly placed on the Texas do not call list.

22. Defendant has committed at least one violation of section 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2) by using an automatic telephone dialing system to call a cellular telephone in the State of Texas.

23. Defendant has committed 148,651 violations of 47 C.F.R. § 64.1200(c)(2) by calling the telephone numbers of residents of the State of Texas whose number was registered on the national do not call registry.

24. Defendant has committed 148,651 violations of 16 C.F.R. § 310.4(b)(iii) by calling the telephone number of a resident of the State of Texas whose number was properly registered on the national do not call registry.

25. Defendant has committed 3,686 violations of Tex. Bus. & Com. Code § 304.052 by placing a telemarketing call to the telephone numbers of persons in Texas that were properly registered on the Texas do not call registry.

26. It is proper in this case to issue a permanent injunction prohibiting Defendant from making telephone calls in violation of the TCPA, the Telemarketing Act, the Texas No Call Act, and the DTPA, as detailed in Section III below.

27. It is further proper in this case to enter a monetary judgment against Defendants for statutory damages pursuant to the TCPA in the amount of $743,755.00. It is further proper in this case to enter a monetary judgment against Defendants for civil penalties pursuant to the Texas No Call Act in the amount of $368,600.00.

28. Entry of this Order is in the public interest.

## II. DEFINITIONS

**IT IS FURTHER ORDERED** that as used in Section III of this Order, the following definitions shall apply:

1. "Automated Telephone Dialing System" means equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. The term specifically includes any equipment that has the capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists.

2. "Federal No-Call List" means the database of telephone numbers of persons who have registered with the Federal Government as requesting not to receive telemarketing calls;

3. "Texas Area Code" means any current or future area code that covers a geographic region in the State of Texas, including the following area codes:

    210
    214
    254
    281
    325
    361
    409
    430
    432
    469
    512
    682
    713

5

<u>737</u>
<u>806</u>
<u>817</u>
<u>830</u>
<u>832</u>
<u>903</u>
<u>915</u>
<u>936</u>
<u>940</u>
<u>956</u>
<u>972</u>
<u>979</u>

4. A "Texas Consumer" means any person whose telephone number includes a Texas Area Code;

5. "Texas No-Call List" means the database of telephone numbers of consumers in the State of Texas who registered with the Public Utility Commission of Texas (or its agent) pursuant to § 304.051 of the Texas No Call Act as requesting not to receive telemarketing calls;

6. "Texas Telephone Number" means any telephone number containing a Texas Area Code;

### III. INJUNCTION

**IT IS FURTHER ORDERED** that Defendant and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this ORDER by personal service or otherwise, are hereby restrained and enjoined from:

1. Placing any telephone call or causing any telephone call to be placed using an Automated Telephone Dialing System to any cellular telephone number assigned to a Texas Consumer;

2. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number that has been placed on the Federal No-Call List or the Texas No-Call List;

3. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number without transmitting Defendants' accurate telephone number and business name to any caller identification service in use by the called party;

4. Placing any telephone call or causing any telephone call to be placed to any Texas Telephone Number while transmitting any inaccurate or misleading caller ID information;

5. Misrepresenting, directly or indirectly, the entity that is making any telephone call to a Texas Telephone Number, including but not limited to using any false caller ID information or using any unregistered business name.

## IV. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

1. Judgment is hereby entered against Defendant in the amount of SEVEN HUNDRED FORTY THREE THOUSAND SEVEN HUNDRED FIFTY FIVE DOLLARS AND NO CENTS ($743,755.000) as statutory damages pursuant to the TCPA.

2. Judgment is further entered against Defendants, jointly and severally, in the amount of THREE HUNDRED SIXTY EIGHT THOUSAND SIX HUNDRED DOLLARS

AND NO CENTS ($368,600.00) as civil penalties pursuant to the Texas No Call Act.

3. The amounts set forth in the preceding Paragraphs IV (1) - (2) of this Order shall become immediately due and payable by Defendant upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. 1961, as amended, shall immediately begin to accrue on the unpaid balance;

4. The penalties owed by Defendant are payable to and for the benefit of a governmental unit and they are not compensation for actual pecuniary loss.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter for all purposes.

IT IS SO ORDERED, this _____ day of _____ 2015.

_____
The Honorable Orlando L. Garcia
United States District Judge